IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. |
| v. | : |
| | : |
| JOLY GERMINE, also known as Yonyon, | : |
| | : **Filed Under Seal** |
| ELIANDE TUNIS, | : |
| | : |
| JOCELYN DOR, and | : |
| | : |
| WALDER ST. LOUIS, | : |
| | : |
| Defendants. | : |

**MOTION AND SUPPORTING MEMORANDUM TO SEAL
INDICTMENT, ARREST WARRANT, AND RELATED PAPERWORK**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal until further order of the Court the Indictment for defendants JOLY GERMINE, also known as Yonyon, ELIANDE TUNIS, JOCELYN DOR, and WALDER ST. LOUIS, and the Arrest Warrant for GERMINE, in the above-captioned case, as well as the Government's Motion to Seal and any order sealing the aforesaid documents. In support of its motion, the government states as follows:

1. An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, as recognized by the Rule itself, to take the defendant into custody and bring him or her before the court. *See United States v. Michael*, 180 F.2d 55, 57 (3d Cir. 1949); *see also United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1993); *United States v. Southland Corp.*, 760 F.2d 1366, 1379-80 (2d Cir. 1985); *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979).

2. Earlier today, November 30, 2021, a grand jury returned an Indictment against defendants GERMINE, TUNIS, DOR, and ST. LOUIS, charging them with the following offenses:

18 U.S.C. § 371 (Conspiracy to Violate the Export Control Reform Act, 50 U.S.C. § 4819, and to Defraud the United States), 50 U.S.C. § 4819, 18 U.S.C § 2 (Export Control Reform Act, Aiding and Abetting, Causing an Act to be Done)18 U.S.C. §§ 554(a), 2 (Smuggling, Aiding and Abetting, Causing an Act to be Done) and 18 U.S.C. §§ 1956(a)(3)(A)), 2 (Laundering of Monetary Instruments, Aiding and Abetting, Causing an Act to be Done)).

3. This case involves weapons trafficking for the benefit of 400 Mawozo, a Haitian gang that is currently holding hostage for ransom 14 U.S. citizens, including five children, one as young as nine months old. The hostages have been held continuously since October 16, 2021.

4. Defendants TUNIS, DOR, and ST. LOUIS were previously charged by Complaint on or about October 31, 2021. GERMINE was listed in the Complaint as an anonymized coconspirator. News of these defendants' arrest became well known in Haiti and had a negative impact on the hostage negotiations between 400 Mawozo and the hostages' representative. The representative continues to seek the release of the hostages. Should this Indictment become public, and specifically the charges against GERMINE become public, it could negatively impact the negotiations and/or potentially cause retribution on the hostages.

5. The sealing of the Indictment will not negatively impact on the three charged defendants (TUNIS, DOR, and ST. LOUIS), all of whom were arrested in Florida and are pending transfer to the District. The government will move to unseal the Indictment at the time when the first of these three defendants appears in the District. At that point, if the hostages remain in captivity, the government will seek the Court's approval to partially unseal Indictment, with redactions remaining only as to GERMINE's identity.

6. Accordingly, the United States submits that under *Washington Post v. Robinson*,

935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Arrest Warrant, this Motion, and any Order to Seal, until such time as the defendant is arrested.

7. In addition, the government respectfully moves for the Indictment and Arrest Warrant to remain sealed -- with the exception that the Government be permitted to disclose the Indictment, the Arrest Warrant, and the Order to Seal to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

8. We further request that the Court's order permit unsealing of the Indictment, and any supporting documents and docket entries, and the Arrest Warrant by any United States District Court Judge or any United States Magistrate Judge, in any district, upon oral motion of the United States.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing the Indictment and Arrest Warrant as well as sealing this Motion and the Court's sealing Order until further order of this Court. A proposed Order is submitted herewith.

Respectfully submitted,

MATTHEW M. GRAVES
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 481052

Date: November 30, 2021

By: /s/ Karen P. W. Seifert
Karen P. W. Seifert
Assistant United States Attorney
N.Y. Bar No. 4742342
National Security Section
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7527
Email: karen.seifert@usdoj.gov