## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on November 10, 2021**

| | |
|---|---|
| UNITED STATES OF AMERICA | **Case No. 21-cr-699** |
| v. | **VIOLATIONS:** |
| JOLY GERMINE, also known as Yonyon, | **18 U.S.C. § 371** |
| ELIANDE TUNIS, | **(Conspiracy to Violate the Export Control Reform Act, 50 U.S.C. § 4819, Commit Smuggling, 18 U.S.C. § 554(a), and to Defraud the United States)** |
| JOCELYN DOR, and | |
| WALDER ST. LOUIS, | **50 U.S.C. § 4819** |
| Defendants. | **(Export Control Reform Act)** |
| | **18 U.S.C. §§ 554(a), 2** |
| | **(Smuggling, Aiding and Abetting, Causing an Act to be Done)** |
| | **18 U.S.C. §§ 1956(a)(1)(A) & (a)(2)(A), 2** |
| | **(Laundering of Monetary Instruments, Aiding and Abetting, Causing an Act to be Done)** |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT ONE

**(Conspiracy to Violate the Export Control Reform Act, 50 U.S.C. § 4819)**

At all times material to this Superseding Indictment:

### INTRODUCTION

*400 Mawozo and Haiti Kidnappings*

1.     400 Mawozo is a Haitian gang and criminal organization that operated in and around the Croix-des-Bouquets area to the east of Port-au-Prince, Haiti.

2.      From at least on or about January 12, 2020, until the present, 400 Mawozo was engaged in armed kidnappings of U.S. citizens in Haiti for ransom, including:

3.      Between on or about June 24, 2021, and on or about July 10, 2021, two U.S. citizens were kidnapped at gunpoint and held by 400 Mawozo, and their release was secured after approximately $30,000 was paid as ransom.

4.      Between on or about August 5, 2021, and on or about August 13, 2021, a U.S. citizen was kidnapped at gunpoint and held by 400 Mawozo, and her release secured after approximately $50,000 was paid as ransom.

5.      Further, on or about October 16, 2021, seventeen Christian missionaries, sixteen of whom were citizens of the United States, were kidnapped near Port-au-Prince, Haiti, including five children, one as young as eight months old ("the Hostages").

6.      On or about October 16, 2021, as part of their missionary organization's work, the Hostages took a van to visit a local orphanage outside of Port-au-Prince. While returning therefrom, armed men forced at gunpoint the group's van driver to stop and took control of the van. The armed men robbed the Hostages of their property and held the Hostages captive. The Hostages were not free to leave.

7.      On or about October 16, 2021, a representative of the missionary organization received a phone call from an individual claiming to be a leader of the kidnappers. The individual stated that he had the Hostages and was holding them for ransom of $1 million each. The individual told the representative stated that he would be in touch regarding next steps.

8.      Beginning on or about October 18, 2021, the 400 Mawozo gang began taking credit for the kidnapping on social media and making publicly known the aforementioned ransom demand. Specifically, on or about October 21, 2021, a leader of 400 Mawozo appeared in a social

media video and announced that the gang was holding the Hostages for ransom.

9.     Two of the Hostages were released on or about November 20, 2021. Three of the Hostages were released on or about December 5, 2021.  The remaining Hostages escaped from captivity on or about December 16, 2021.

## BACKGROUND

### *The Export Control Reform Act*

10.    The Export Control Reform Act of 2018 ("ECRA") provides, among its stated policy objectives, that "[t]he national security and foreign policy of the United States require that the export, reexport, and in-country transfer of items, and specific activities of United States persons, wherever located, be controlled . . . ." 50 U.S.C. § 4811(2). To that end, ECRA grants the President the authority to control "(1) the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information. *Id.* at § 4812(b). ECRA further grants to the Secretary of Commerce the authority to establish the applicable regulatory framework. *Id.* at § 4813(a).

11.    Pursuant to ECRA, the Department of Commerce ("DOC") reviews and controls the export of certain items, including commodities, software, and technologies, from the United States to foreign countries through the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774. In particular, the EAR restrict the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR impose licensing and other requirements for items subject to the EAR to be exported lawfully from the United States or re-exported lawfully from one foreign destination to another.

12.     The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"), published at 15 C.F.R. part 774, Supp. No. 1. Items on the CCL are categorized by an Export Control Classification Number ("ECCN") based on their technical characteristics. Each ECCN has export control requirements depending on the destination, end user, and end use.

13.     Relevant here, the DOC is responsible for licensing the export of a variety of firearms and related commodities from the United States. When required, these licenses are issued by the DOC's Bureau of Industry and Security ("BIS"), which is located in the District of Columbia.

14.     Relevant here, and as described further herein, the rifles and pistols purchased in furtherance of the conspiracy have been classified by BIS under ECCN 0A501.a, the shotgun purchased in furtherance of the conspiracy has been classified by BIS under ECCN 0A502, and the ammunition purchased in furtherance of the conspiracy has been classified by BIS under ECCN 0A505.a. Items under these ECCNs are controlled for the following reasons: (i) National Security, Regional Stability, and Firearms Convention (ECCN 0A501.a); (ii) Crime Control and Firearms Convention (ECCN 0A502); and Firearms Convention, National Security, and Regional Stability (ECCN 0A505.a). Accordingly, export of these weapons from the United States to Haiti requires an export license issued by BIS.

15.     Pursuant to 50 U.S.C. § 4819(a)(1), "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of this subchapter or of any regulation, order, license, or other authorization issued under this subchapter, including any of the unlawful acts described in paragraph (2)." Such unlawful acts include, among other acts, that "[n]o person may order, buy, remove, conceal, store, use, sell, loan, dispose of, transfer, transport, finance,

forward, or otherwise service, in whole or in part, or conduct negotiations to facilitate such activities for, any item exported or to be exported from the United States, or that is otherwise subject to the [EAR], with knowledge that a violation of this subchapter, the [EAR], or any order, license or authorization issued thereunder, has occurred, is about to occur, or is intended to occur in connection with the item unless valid authorization is obtained therefor." *Id.* at § 4819(a)(2). Pursuant to 50 U.S.C. § 4819(b), "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids and abets in the commission of, an unlawful act described in subsection (a)" shall be guilty of a crime.

16.     Pursuant to 18 U.S.C. § 554(a), "[w]hoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States" shall be guilty of a crime.

### The Gun Control Act

17.     The Gun Control Act, 18 U.S.C. § 921 *et seq.*, requires a license to deal in firearms from the Attorney General, who is located in the District of Columbia. Firearms dealers are required to fill out, keep, and maintain paperwork, *i.e.*, a Firearms Transaction Record, related to certain firearms sales, and make the same available to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), which is also located in the District of Columbia. Among other things, it is illegal under the Gun Control Act to make a false statement during the purchase of a firearm. *See* 18 U.S.C. § 922(a)(6).

**THE DEFENDANTS**

18.     **JOLY GERMINE**, also known as Yonyon ("GERMINE"), is a Haitian national and a member of 400 Mawozo. GERMINE was incarcerated in Haiti, but still served as a leader of the gang in Haiti and directed operations from prison using unmonitored cellular phones.

19.     Individual 1 is a Haitian national and a leader of 400 Mawozo. Individual 1 lives in Haiti. Individual 1 has appeared on videos posted on social media, stated his name, and declared himself as a leader of 400 Mawozo, including videos posted on social media sites YouTube and Facebook on or about October 21, 2021. Individual 1 also has given video recorded statements to the Haitian press in which he claimed to be a leader of 400 Mawozo, including in videos posted by press organizations on or about April 13, 2020, and September 6, 2021.

20.     **ELIANDE TUNIS** ("TUNIS") is a U.S. citizen, born in Haiti, who resided in Florida and is a member of 400 Mawozo.

21.     **JOCELYN DOR** ("DOR") is a Haitian citizen, who resided in Florida. DOR holds a Florida carrying a concealed weapon ("CCW") permit, and, as a result, the Florida mandatory waiting period to possess a firearm is inapplicable to DOR.

22.     **WALDER ST. LOUIS** ("ST. LOUIS") is a Haitian citizen, who resided in Florida. ST. LOUIS holds a Florida CCW permit, and, as result, the Florida mandatory waiting period to possess a firearm is inapplicable to ST. LOUIS.

**JURISDICTION AND VENUE**

23.     Acts and omissions in furtherance of the offenses under investigation occurred within the District of Columbia.

**THE CONSPIRACY**

24.     Beginning at least on or about September 12, 2021, and continuing until on or about

6

November 8, 2021, GERMINE, TUNIS, DOR, ST. LOUIS, and others known and unknown to the Grand Jury, in the District of Columbia and elsewhere, knowingly conspired and agreed together and with each other (1) to commit a crime against the United States and its agency, DOC, to wit, to export and smuggle and cause the exportation and smuggling of goods from the United States to Haiti without having first obtained the required licenses from BIS, in violation of 50 U.S.C. § 4819 and 18 U.S.C. § 554(a), and (2) to defraud the United States by interfering with and obstructing a lawful government function, that is, the enforcement by ATF of laws and regulations related to the purchase and sale of firearms, by means of deceit, craft, trickery, and dishonesty.

### Goals

25.     The goals and purposes of the conspiracy were, among others:

a.     to acquire U.S.-origin goods, specifically firearms and ammunition, from the United States and smuggle them to Haiti to supply members of the 400 Mawozo gang in Haiti;

b.     to support the gang activities of 400 Mawozo, including the kidnapping with firearms of individuals for ransom;

c.     to evade the prohibitions and licensing requirements of ECRA;

d.     to conceal from United States licensed firearm dealers and, in turn from the United States government and its agency, ATF, that the U.S.-origin goods were destined for Haiti so as to avoid penalties and disruption of the illegal activity; and

e.     to frustrate the laws and regulations of the United States.

### Manner and Means

26.     It was further a part of the conspiracy that defendants used the following manner and means to achieve the goals of the conspiracy:

7

      a.      TUNIS regularly contacted the phones utilized by GERMINE and Individual 1.

      b.      Individual 1 would instruct GERMINE regarding the types of firearms that 400 Mawozo needed.

      c.      TUNIS, DOR, and ST. LOUIS obtained from GERMINE specifications for weapons and ammunition that GERMINE and Individual 1 wanted to be sent to Haiti for use by 400 Mawozo.

      d.      TUNIS purchased, and instructed DOR and ST. LOUIS to purchase, firearms (rifles, pistols, and shotguns) and ammunition for 400 Mawozo, all of which required a license for export.

      e.      TUNIS, DOR, and ST. LOUIS filled out ATF forms falsely stating that they were the "actual buyers" of the firearms and that they were not buying the firearms for another person, when in fact, they intended to ship and did ship and smuggle the firearms to Haiti for use by 400 Mawozo.

      f.      TUNIS, DOR, and ST. LOUIS failed to obtain valid export license(s) from BIS for their purchases.

      g.      TUNIS, DOR, and ST. LOUIS shipped and smuggled, and caused the firearms and ammunition to be shipped and smuggled to Haiti, and attempted the same. Specifically, certain of the firearms and ammunition were wrapped in garbage bags, loaded into large multi-gallon drums/barrels, and then covered with various products such as clothes, shoes, and Gatorade to hide the presence of firearms and ammunition.

      h.      GERMINE, TUNIS, DOR, and ST. LOUIS conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, to pay for the

firearms and ammunition they were purchasing.

  i. In order to fund this conspiracy, at least in part, GERMINE used 400 Mawozo funds obtained from gang activity, to wit, ransom payments made to 400 Mawozo in response to the kidnapping of U.S. persons between June 2021 and August 2021, which GERMINE knew to be obtained from this gang activity.

  j. GERMINE and TUNIS caused 400 Mawozo funds to be sent by individuals in Haiti to United States for use by TUNIS, DOR, and ST. LOUIS.

  k. After learning of a law enforcement investigation into their activities, TUNIS, DOR, ST. LOUIS, and others known and unknown to the grand jury, moved or concealed, and attempted to do the same, firearms and ammunition purchased in furtherance of the conspiracy.

### *Overt Acts*

27. In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Columbia and elsewhere:

  a. On or about September 17, 2021, GERMINE sent a series of text messages to TUNIS including a photograph of DOR's Florida CCW permit, a photograph of a "SVD Romak sniper 7.62x54r" rifle on sale for $2,000, and a cell phone contact card for DOR.

  b. On or about September 23, 2021, GERMINE and DOR had a 14-minute call.

  c. On or about September 26 and 27, 2021, GERMINE and TUNIS exchanged a series of WhatsApp text messages related to GERMINE authorizing gang money to be sent from Haiti for Tunis.

  d. Thereafter, also on or about September 27, 2021, an individual in Haiti

wired $2,500 to TUNIS.

      e.      On or about September 28, 2021, an individual in Haiti wired $4,000 to DOR, using two different money services.

      f.      Also on or about September 28, 2021, TUNIS caused an individual in Haiti to wire $4,000 to an associate of TUNIS, using two different money services.

      g.      Thereafter, also on or about September 28, 2021, GERMINE and TUNIS exchanged a series of WhatsApp text and audio messages related to purchases of firearms by DOR and ST. LOUIS. GERMINE told TUNIS that he would send money to DOR the next day so that DOR could purchase additional firearms.

      h.      On or about September 29, 2021, GERMINE called an individual in Haiti, who thereafter wired $4,500 to DOR using two different money services.

      i.      Also on or about September 29, 2021, TUNIS caused an individual in Haiti to wire $4,500 to TUNIS, using two different money services.

      j.      On or about October 4, 2021, GERMINE had an 86-minute call with TUNIS, during which GERMINE also placed a three-way call to DOR, who was on the call for 46 minutes.

      k.      On or about October 4, 2021, TUNIS sent $1,000 to DOR in two payments via an online payment application.

      l.      On or about October 5, 2021, TUNIS withdrew $15,000 in cash from a bank account registered in her name and deposited the same into an account registered to DOR at his bank.

      m.      On or about October 5, 2021, TUNIS and DOR exchanged a series of WhatsApp text and audio messages while DOR was purchasing firearms.

10

n.      On or about October 5, 2021, DOR sent TUNIS an audio message via WhatsApp in which DOR stated how a particular rifle can be broken down for shipment, and in response TUNIS instructed, "have them dismantle them for you."

o.      On or about October 5, 2021, TUNIS and DOR exchanged text messages about exchanging money for firearms purchased by DOR.

p.      On or about October 6, 2021, GERMINE placed two phone calls to ST. LOUIS.

q.      On or about October 6, 2021, an individual in Haiti wired $1,000 to TUNIS, a payment which TUNIS thereafter reported back to GERMINE.

r.      On or about October 6, 2021, TUNIS withdrew $16,000 from a bank account registered in her name.

s.      On or about October 6, 2021, TUNIS forwarded to ST. LOUIS an audio message via WhatsApp, in which GERMINE admonished ST. LOUIS for his failure to follow GERMINE's instructions to purchase firearms and praised DOR for quickly following similar orders.

t.      On or about October 7, 2021, TUNIS and DOR exchanged text messages about meeting to exchange money.

u.      On or about October 7, 2021, DOR deposited $6,330 in cash into a bank account in his name at his bank.

v.      On or about October 9, 2021, TUNIS took pictures of the barrels she had used to smuggle firearms and ammunition to Haiti.

w.      On or about October 11, 2021, ST. LOUIS sent an audio message via WhatsApp to TUNIS stating that he had sent two barrels containing firearms to Haiti.

11

x.      On or about October 11, 2021, TUNIS arranged for an individual in Haiti to wire $5,000 to ST. LOUIS using two different money services.

y.      Also on or about October 11, 2021, an individual in Haiti wired $2,500 to TUNIS.

z.      On or about October 12, 2021, TUNIS sent an audio message via WhatsApp to GERMINE, stating that ST. LOUIS could not obtain the money. In response, GERMINE sent a message to TUNIS via WhatsApp with the phone number of an individual in Haiti.

aa.     On or about October 14, 2021, an individual in Haiti wired $2,000 to TUNIS.

bb.     On or about October 18, 2021, GERMINE had a 7-minute call with Individual 1, and then immediately thereafter placed an 8-minute call to TUNIS.

cc.     On or about October 19, 2021, TUNIS took pictures of the barrels she had used to smuggle firearms and ammunition and sent the same to GERMINE.

dd.     On or about October 20, 2021, GERMINE and ST. LOUIS exchanged iMessages.

ee.     On or about October 22, 2021, GERMINE and ST. LOUIS exchanged iMessages.

ff.     On or about October 28, 2021, GERMINE and ST. LOUIS exchanged iMessages.

gg.     On or about the following dates, TUNIS, DOR, and ST. LOUIS purchased the following firearms at locations in Florida:

| | Make | Model | Type | Caliber/ Gauge | Purchased On or About |
|---|---|---|---|---|---|
| i. | Century Arms | VSKA w/ Red Dot Sight | Rifle | 7.62x39mm | 9/28/2021 |
| ii. | Century Arms | VSKA | Rifle | 7.62x39mm | 9/29/2021 |
| iii. | Century Arms | VSKA | Rifle | 7.62x39mm | 10/1/2021 |
| iv. | Century Arms | VSKA | Rifle | 7.62x39mm | 10/1/2021 |
| v. | Century Arms | VSKA w/ Red Dot Sight | Rifle | 7.62x39mm | 10/5/2021 |
| vi. | Riley Defense | Rak 47 | Rifle | 7.62x39mm | 10/5/2021 |
| vii. | Barrett Manufacturing | 82A1 | Rile | 50 | 10/6/2021 |
| viii. | Century Arms | VSKA | Rifle | 7.62x39mm | 10/6/2021 |
| ix. | Century Arms | WASR-10 | Rifle | 7.62x39mm | 10/6/2021 |
| x. | Palmetto Arms | PA15 | Rifle | 5.56 | 10/6/2021 |
| xi. | Springfield Armory | M1A | Rifle | 308 | 10/6/2021 |
| xii. | SAR | SAR-9 | Pistol | 9mm | 10/11/2021 |
| xiii. | Ruger | Five Seven | Pistol | 5.7x28mm | 10/14/2021 |
| xiv. | Century Arms | Centurion 12 Gauge | Shotgun | 12 gauge | 10/16/2021 |
| xv. | Century Arms | VSKA | Rifle | 7.62x39mm | 10/17/2021 |
| xvi. | Century Arms | VSKA | Rifle | 7.62x39mm | 10/17/2021 |

hh.     On or about the following dates, TUNIS, DOR, and ST. LOUIS falsely filled out ATF Form 4473 in order to purchase firearms:

|       | Date of Form | Buyer     | Location of Dealer |
|-------|--------------|-----------|--------------------|
| i.    | 9/28/2021    | DOR       | Orlando, FL        |
| ii.   | 9/29/2021    | DOR       | Orlando, FL        |
| iii.  | 10/1/2021    | DOR       | Orlando, FL        |
| iv.   | 10/5/2021    | DOR       | Apopka FL          |
| v.    | 10/6/2021    | DOR       | Orlando, FL        |
| vi.   | 10/6/2021    | ST. LOUIS | Miami, FL          |
| vii.  | 10/11/2021   | TUNIS     | Pompano Beach, Fl  |
| viii. | 10/16/2021   | ST. LOUIS | Miami, FL          |

**(Conspiracy to Violate the Export Control Reform Act, Title 50 United States Code, Section 4819, to Commit Smuggling and to Defraud the United States, Title 18, United States Code, Sections 554(a), all in violation of Title 18, United States Code, Section 371)**

## <u>COUNTS TWO THROUGH SEVENTEEN</u>

### (Export Control Reform Act, 50 U.S.C. § 4819)

28.     The allegations in Paragraphs 1 through 27 of this Superseding Indictment are incorporated and re-alleged by reference herein.

29.     On or about the dates listed below, defendants GERMINE, TUNIS, DOR, and ST. LOUIS did knowingly and willfully export, attempt to export, and cause to be exported goods, as described in each Count below, from the United States to Haiti, without having first obtained the required licenses from BIS, located in the District of Columbia, all in violation of ECRA:

| Count | Make | Model | Type | Caliber/ Gauge | On or About |
|-------|------|-------|------|----------------|-------------|
| 2 | Century Arms | VSKA w/ Red Dot Sight | Rifle | 7.62x39mm | 9/28/2021 |
| 3 | Century Arms | VSKA | Rifle | 7.62x39mm | 9/29/2021 |
| 4 | Century Arms | VSKA | Rifle | 7.62x39mm | 10/1/2021 |
| 5 | Century Arms | VSKA | Rifle | 7.62x39mm | 10/1/2021 |
| 6 | Century Arms | VSKA w/ Red Dot Sight | Rifle | 7.62x39mm | 10/5/2021 |
| 7 | Riley Defense Inc | Rak 47 | Rifle | 7.62x39mm | 10/5/2021 |
| 8 | Barrett Manufacturing Inc | 82A1 | Rile | 50 | 10/6/2021 |
| 9 | Century Arms | VSKA | Rifle | 7.62x39mm | 10/6/2021 |
| 10 | Century Arms | WASR-10 | Rifle | 7.62x39mm | 10/6/2021 |
| 11 | Palmetto Arms | PA15 | Rifle | 5.56 | 10/6/2021 |
| 12 | Springfield Armory | M1A | Rifle | 308 | 10/6/2021 |
| 13 | SAR | SAR-9 | Pistol | 9mm | 10/11/2021 |
| 14 | Ruger | Five Seven | Pistol | 5.7x28mm | 10/14/2021 |
| 15 | Century Arms | Centurion 12 Gauge | Shotgun | 12 gauge | 10/16/2021 |
| 16 | Century Arms | VSKA | Rifle | 7.62x39mm | 10/17/2021 |
| 17 | Century Arms | VSKA | Rifle | 7.62x39mm | 10/17/2021 |

**(Export Control Reform Act, Aiding and Abetting, Causing an Act to be Done**, in violation of Title 50, United States Code, Section 4819)

## COUNT EIGHTEEN

### (Smuggling)

30.    The allegations in Paragraphs 1 through 27 of this Superseding Indictment are incorporated and re-alleged by reference herein.

31.    On or about October 9, 2021, in the District of Columbia and elsewhere, defendants GERMINE, TUNIS, DOR, and ST. LOUIS did fraudulently and knowingly export and send, and attempt to export and send, firearms and ammunition from the United States to Haiti, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, or sale of such firearms and ammunition, prior to exportation, knowing the same to be intended for exportation contrary to law, all contrary to Title 50, United States Code, Section 4819, a law and

regulation of the United States.

(**Smuggling, Aiding and Abetting, Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 554(a), 2)

**COUNT NINETEEN**

**(Smuggling)**

32.     The allegations in Paragraphs 1 through 27 of this Superseding Indictment are incorporated and re-alleged by reference herein.

33.     On or about October 11, 2021, in the District of Columbia and elsewhere, defendants GERMINE, TUNIS, DOR, and ST. LOUIS did fraudulently and knowingly export and send, and attempt to export and send firearms and ammunition from the United States to Haiti, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, or sale of such firearms and ammunition, prior to exportation, knowing the same to be intended for exportation contrary to law, all contrary to Title 50, United States Code, Sections 4819, a law and regulation of the United States.

(**Smuggling, Aiding and Abetting, Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 554(a), 2)

**COUNT TWENTY**

**(Smuggling)**

34.     The allegations in Paragraphs 1 through 27 of this Superseding Indictment are incorporated and re-alleged by reference herein.

35.     On or about October 19, 2021, in the District of Columbia and elsewhere, defendants GERMINE, TUNIS, DOR, and ST. LOUIS did fraudulently and knowingly export and send, and attempt to export and send firearms and ammunition from the United States to Haiti, and

16

received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, or sale of such firearms and ammunition, prior to exportation, knowing the same to be intended for exportation contrary to law, all contrary to Title 50, United States Code, Section 4819, a law and regulation of the United States.

(**Smuggling, Aiding and Abetting, Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 554(a), 2)

## COUNTS TWENTY-ONE THROUGH THIRTY-FOUR

### (Laundering of Monetary Instruments)

36.    The allegations in Paragraphs 1 through 27 of this Superseding Indictment are incorporated and re-alleged by reference herein.

37.    On or about the dates described below, in the District of Columbia and elsewhere, defendants described below did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, and cause the transportation, transmission, and transfer of monetary instruments and funds, as described below, from a place outside the United States, that is Haiti, to a place in the United States, that is Florida, with the intent to promote the carrying on of specified unlawful activity, to wit: the smuggling of firearms and ammunition from the United States to Haiti, as described in Counts One, Eighteen, Nineteen, and Twenty.

| Count | Date | Amount | | Service | Defendants |
|-------|------|--------|---|---------|------------|
| 21 | 9/27/2021 | $ | 2,500 | MoneyGram | TUNIS, GERMINE |
| 22 | 9/28/2021 | $ | 2,000 | MoneyGram | TUNIS |
| 23 | 9/28/2021 | $ | 2,000 | Western Union | TUNIS |
| 24 | 9/28/2021 | $ | 2,000 | MoneyGram | DOR |
| 25 | 9/28/2021 | $ | 2,000 | Western Union | DOR |
| 26 | 9/29/2021 | $ | 2,000 | MoneyGram | DOR, GERMINE |
| 27 | 9/29/2021 | $ | 2,500 | Western Union | DOR, GERMINE |
| 28 | 9/29/2021 | $ | 2,000 | MoneyGram | TUNIS |
| 29 | 9/29/2021 | $ | 2,500 | Western Union | TUNIS |
| 30 | 10/6/2021 | $ | 1,000 | Western Union | TUNIS, GERMINE |
| 31 | 10/11/2021 | $ | 2,000 | MoneyGram | ST. LOUIS, GERMINE |
| 32 | 10/11/2021 | $ | 3,000 | Western Union | ST. LOUIS, GERMINE, TUNIS |
| 33 | 10/11/2021 | $ | 2,500 | Western Union | TUNIS |
| 34 | 10/14/2021 | $ | 2,000 | MoneyGram | TUNIS |

(**Laundering of Monetary Instruments, Aiding and Abetting, Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 1956(a)(2)(A), 2)

## COUNTS THIRTY-FIVE THROUGH THIRTY-SIX

### (Laundering of Monetary Instruments)

38.     The allegations in Paragraphs 1 through 27 of this Superseding Indictment are incorporated and re-alleged by reference herein.

39.     On or about the dates listed below, in the District of Columbia and elsewhere, the defendants listed below did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transactions involving financial institutions involved in interstate commerce as described below, which involved the proceeds of an unlawful activity, that is 400 Mawozo gang activity and kidnapping ransom payments for U.S. citizens, with the intent to promote the carrying on of specified unlawful activity, to wit, the smuggling of firearms and ammunition from the United States to Haiti as described in Counts One, Eighteen, Nineteen, and Twenty, and that while conducting and attempting to conduct such financial

18

transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Type of Transaction | Defendants |
|-------|------|--------|---------------------|------------|
| 35 | 10/4/2021 | $950 | Bank Transfer via Zelle | TUNIS & DOR |
| 36 | 10/4/2021 | $50 | Bank Transfer via Zelle | TUNIS & DOR |

**(Laundering of Monetary Instruments, Aiding and Abetting, Causing an Act to be Done,** All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), 2)

## FORFEITURE ALLEGATIONS

1.     The allegations contained in Counts One through Thirty-Six of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1).

2.     Upon conviction of the offenses alleged in Counts One through Thirty-Six of this Superseding Indictment, defendants shall forfeit to the United States any property, real or personal, which constitutes, or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(A) & (C), and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, which constitutes, or is derived from proceeds traceable to this offense.

3.     Upon conviction of the offenses alleged in Counts Two through Twenty of this Superseding Indictment, defendants shall forfeit to the United States arms or munitions of war or other articles and any vessel, vehicle, or aircraft containing the same or which has been used in exporting or attempting to export such arms or munitions of war or other articles relating to these

offenses, pursuant to Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c).

4.      Upon conviction of the offenses alleged in Counts Twenty-One through Thirty-Six of this Indictment, defendants shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in this offense, and any property traceable to such property.

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

defendants shall forfeit to the United States any other property of defendants, up to the value of

the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 22, United States Code, Section 401, Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

Attorney of the United States in
and for the District of Columbia