IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    : | |
| : | |
| v.                           : | Case No. 1:21-cr-00699-JDB |
| : | |
| JOLY GERMINE, et. al.,       : | |
|     Defendant.               : | |

**JOLY GERMIONE'S MOTION FOR PRETRIAL PRODUCTION OF EVIDENCE ADMISSIBLE TO ATTACK THE CREDIBILITY OF CO-CONSPIRATOR DECLARANTS NOT TO BE CALLED AS WITNESSES WITH INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

COMES NOW defendant Joly Germine, by and through his undersigned counsel, and pursuant to Rule 806 of the Federal Rules of Evidence, the Government's constitutional *Brady* obligations, and Local Criminal Rule 5.1, moves the Court for the entry of an Order requiring the prosecution to immediately produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants. As grounds, the following is stated:

1. In this case, the Government may seek to seek to admit statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence. When such statement is received in evidence, "the declarant's credibility may be attacked . . . by any evidence that would be admissible fore those purposes if the declarant had testified as a witness." FRE 806.

2. This request is made separate and apart from any request for reports of interviews or statements made by prospective witnesses, which are producible as *Jencks* material. This request is grounded on the Government's constitutional obligations, as well as Local Criminal Rule 5.1, to disclose exculpatory information,

1

including impeachment information, to the defendant.

The warning words of the U.S. Supreme Court in *United States v. Agurs,* 427 U.S. 97, 106 (1976), are appropriate in this context:

> "Although the is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond . . . When the prosecutor receives a specific and relevant request, the failure to make a response is seldom, if ever, excusable."

3. The defense, especially an indigent defendant, (such as Joly Germine) unlike the Government, does not have the ability to call upon resources such as the Federal Bureau of Investigation or another investigative agencies. Locating and interviewing witnesses is typically a frustrating and a time consuming process. When the trial itself is underway, te defense has a very limited number of hours outside the courtroom to devote to other, related, case matters. Most of that time is normally consumed with trial preparations for the following day. Furthermore, even when clients have adequate resources, investigators are not always automatically available to investigate and follow-up on information provided during the trial.

4. Consequently, the type of information requested in this motion is such that effective use cannot be made of it unless there has disclosure well in advance of the trial. It is essential and constitutionally necessary that the Government immediately disclose the information requested herein.

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, defendant Joly Germine respectfully moves this Court for the

entry of an Order requiring the prosecution to immediately produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants.

.

Respectfully submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-phone (301) 807-3847
aorenberg@orenberglaw.com
Counsel for Joly Germine


_____-s-_____
Elita C. Amato
2111 Wilson Blvd.
Suite 8th Floor
Arlington, VA 22201
(703) -522-5900
Fax: (703) 997-7775
amato.law@comcast.net

Counsel for Joly Germine

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2023, I electronically filed the foregoing Defendant Joly Germine's Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-conspirator Declarants Not to Be Called as Witnesses, with Incorporated Memorandum of Points and Authorities, and a proposed Order, with the Clerk of the Court. Participants in the case who are registered CM/ECF users will be served by the District Court's CM/ECF system.

                                                                                             _____
                                                                                             Allen H. Orenberg