**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No.: 21-cr-699 (JDB)** |
| | : | |
| **JOLY GERMINE,** | : | |
| **ELIANDE TUNIS,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**GOVERNMENT'S AND DEFENDANT TUNIS'S**
**PROPOSED JURY INSTRUCTIONS[1]**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, propose the following jury instructions. The government generally has no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2023 Release ("Redbook"), as appropriate based on the developments at trial.

A.   **Instructions Before and During Trial**

1.   Preliminary Instructions Before Trial, Redbook 1.102

2.   Notetaking by Jurors, Redbook 1.105

3.   Preliminary Instruction to Jury Where Identity of Alternates not Disclosed, Redbook 1.107

4.   Juror's Recognition of a Witness or Other Party Connected to the Case, Redbook 1.108

5.   Witness's or Defendant's Use of Interpreter, Redbook 1.110

6.   Translation of Foreign Language Document or Recording, Redbook 2.311

---

[1] The government was unable to confer with Defendant Germine's counsel prior to the time of this filing.

7. Cautionary Instruction on the Use of the Internet and Publicity, Redbook 1.202

8. Stipulation of Fact, Redbook 1.103 (to be given at time of first stipulation, if any)

9. Stipulation of Testimony, Redbook 1.103 (to be given at time of first stipulation, if any)

**B.   Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Notetaking by Jurors, Redbook 1.105

6. Evidence in the Case, Redbook 2.104

7. Statements of Counsel, Redbook 2.105

8. Indictment Not Evidence, Redbook 2.106

9. Burden of Proof, Redbook 2.107

10. Reasonable Doubt, Redbook 2.108

11. Direct and Circumstantial Evidence, Redbook 2.109

12. Nature of Charges Not to Be Considered, Redbook 2.110

13. Number of Witnesses, Redbook 2.111

14. Inadmissible and Stricken Evidence, Redbook 2.112

15. Credibility of Witnesses, Redbook 2.200

16. Accomplice Testimony, Redbook 2.202 (*as applicable*)

17. Witness with a Plea Agreement, Redbook 2.203 (*as applicable*)

18.     Law Enforcement Officer's Testimony, Redbook 2.207

19.     Special Opinion Testimony, Redbook 2.215

20.     Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216 (*as applicable*)

21.     Impeachment by Proof of Prior Conviction – Witness, Redbook 2.218 (*as applicable*)

22.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209 (*as applicable*)

23.     Suppression of Evidence, Redbook 2.303, (*as applicable*)

- *Defendant Tunis objects on the basis of a lack of factual predicate for the instruction*
- *Join Tunis' objection*

24.     Statements of the Defendant – Substantive Evidence, Redbook 2.305

25.     Motive, Redbook 2.307

26.     Other Crimes Evidence, Redbook 2.321 (*as applicable*)

- *Defendant Tunis objects to the proposed instruction at this time, and seeks an opportunity to review the final version of the proposed instruction and what "other crimes" it would address*
- *Join Tunis' objection*

27.     Transcripts of Tape Recordings, Redbook 2.310

28.     Specialized Opinion (Expert) Testimony, Redbook 2.215

29.     Evidence Admitted Against One Defendant Only [see proposal below, adapted from Redbook 2.308]

30.     Multiple counts – Multiple Defendants, Redbook 2.404

31.     Theories of Liability

   a.   Willfully Causing an Act to be Done, Redbook 3.102
   b.   Aiding and Abetting, Redbook 3.200
   c.   Co-Conspirator Liability, Redbook 7.103 & adapted from Third Circuit

3

32.     <u>Count One</u>: Export Control Reform Act Conspiracy, in violation of 50 U.S.C.§ 4819 [see proposal below]

33.   <u>Count Two</u>: Conspiracy to Commit Smuggling and Defraud the United States, in violation of 18 U.S.C.§ 371 [see proposal below]

34.   Attempt [see proposal below]

35.   <u>Count Three through Seventeen</u>: Export Control Reform Act, in violation of 50 U.S.C. § 4819 [see proposal below]

36.   <u>Count Eighteen through Twenty</u>: Smuggling, in violation of 18 U.S.C. § 554(a)[see proposal below]

37.   <u>Count Twenty-One through Thirty-Four</u> Laundering of Monetary Instruments (Promotion), in violation of 18 U.S.C. 1956(a)(2)(A) [see proposal below]

38.   <u>Count Thirty-Five through Forty-Eight</u>: Laundering of Monetary Instruments (Proceeds), in violation of 18 U.S.C. § 1956(a)(1)(A) [see proposal below]

39.   Proof of "on or about," Redbook 3.103

40.   Proof of State of Mind, Redbook 3.101

41.   Multiple Counts – One Defendant, Redbook 2.402

42.   Unanimity—General, Redbook 2.405

43.   Verdict Form Explanation, Redbook 2.407

44.   Redacted Exhibits, Redbook 2.500 (*as applicable*)

45.   Possible Punishment Not Relevant, Redbook 2.505

46.   Selection of Foreperson, Redbook 2.502

47.   Exhibits During Deliberations, Redbook 2.501

48.   Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

49.   Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

50.   Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

51.   Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. ##**

**EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY**

Certain evidence in this case has been admitted only against a particular defendant, and not admitted against other defendants. That evidence includes the following:

1.　　Exhibits _____ through _____, which are admitted only as to Mr. Germine.

2.　　Exhibits ____ through _____, which are admitted only against Ms. Tunis.

Unless I have previously instructed you otherwise, all other evidence has been admitted against all defendants.

**Proposed Instruction No. ##**

**THEORIES OF LIABILITY**

I will now explain to you the different theories of liability by which the defendant can be found guilty of a crime.

**A.  Willfully Causing an Act to be Done  (Redbook 3.102)**

First, You may find the defendant guilty of the crime charged in the indictment without finding that s/he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which s/he willfully causes to be done if the act would be criminal if performed by him/her directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

**B.  Aiding and Abetting (Redbook 3.200)**

Second, you may find the defendant guilty of the crime charged in the indictment without finding that s/he personally committed each of the acts that make up the crime or that s/he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as s/he would be if s/he had personally committed each of the acts that make up the crime. To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself/herself with the commission of the crime, that s/he participated in the crime as something s/he wished to bring about, and that s/he intended by his/her actions to make it succeed.

7

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his/her guilt. It is not necessary that you find that the defendant was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

I will instruct you on the elements of each of the offenses with which the defendants are charged. Regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that the defendant personally acted with intent required for the charged offense.

8

### C. Co-Conspirator Liability[2] (Redbook 7.103 & Third Circuit)[3]

The Defendants are charged with conspiracy in Counts One and Two.  You are to consider the following instructions during your deliberations on these two counts.

*Conspiracy*

A conspiracy is an agreement by two or more persons to join together to accomplish some unlawful purpose.

To sustain its burden of proof with respect to each of the offenses charged in Counts One and Two, the government must prove beyond a reasonable doubt the following four elements:

First, the existence of the charged conspiracy—that is, the existence of an agreement or understanding to commit the unlawful object of such conspiracy; and

Second, that the defendant knowingly became a member of the conspiracy, with intent to achieve the illegal object of the charged conspiracy.

[371 conspiracy][1] Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act(s) that you find to have been committed was (were) committed to further some objective of the conspiracy.

*Existence of a Conspiracy*

The first element of the crime of conspiracy is the existence of an agreement. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to commit the unlawful act. [Violate the Export Control Reform Act; Smuggle and Defraud the United States].

---

[1] 1 Moder Federal Jury Instructions-Criminal P 19.01, Instruction 19-3 Elements of Conspiracy.

9

---

**Deleted:** Third, you may find the defendant guilty of the crimes charged in the indictment based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to the defendant as a necessary or natural consequence of the agreement. In other words, under certain circumstances the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

**Formatted:** Right:  0.08", Space Before:  0 pt

**Deleted:** ¶

**Deleted:** obstruct an official proceeding, or to alter, destroy, mutilate or conceal a record, document, or object

. It is

---

[2]      First paragraph taken from U.S. Court of Appeals for the Third Circuit, Model Criminal Jury Instructions, 7.03 Responsibility For Substantive Offenses Committed By Co-Conspirators (Pinkerton Liability), *available at* https://www.ca3.uscourts.gov/model-criminal-jury-table-contents-and-instructions (last accessed Mar. 28, 2019).

[3] *See generally* Redbook Instruction 7.102, 2020 Edition; *United States v. Stewart Rhodes, et. al.,* 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (final instructions on conspiracy from January 6th trial); Eighth Circuit Pattern Jury Instructions, 2017 Edition; Eleventh Circuit Pattern Jury Instructions, 2020 Edition. Each paragraph or definition is annotated with the source from which it is derived.

enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime. So, the first thing that must be shown is the existence of an agreement.[4]

> **Deleted:** of obstructing an official proceeding, or altering, destroying, mutilating or concealing a record, document, or object

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding

> **Deleted:** United States

existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.[5]

*Success Is Irrelevant*

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful.[6]

Proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself. In other words, success in carrying out an act, if you believe it was carried out, may be proof of the agreement itself—but as I just said, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.[7]

---

[4] Redbook Instruction 7.102, 2020 Edition.
[5] *United States v. Stewart Rhodes*, *et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial).
[6] *Id.*
[7] *Id.*

*"Intentionally"*

If you conclude that the United States has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object ⌄ the illegal purposes charged in the indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.[8]

The Governmnet must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent-that is, with a purpose to violate the law-and that he or she agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.[2]

It is not necessary to find the defendant agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.[9]

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy.[10]

---

[2] This paragraph follows the previous paragraph in the Final Jury Instructions the Government cites to, United States v. Rhodes, et. al., 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400, at 19.

**Deleted:** one of

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding

of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the

---

[8] *Id.*

[9] Redbook Instruction 7.102, 2020 Edition.

[10] Redbook Instruction 7.102, 2020 Edition.

conspiracy for the purpose of furthering an illegal undertaking.[11] *Duration and Extent of the Defendant's Joining of the Agreement*

> **Deleted:** The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

The duration and extent of the defendant's joining of the agreement has no bearing on the issue of the defendant's guilt. The defendant need not have joined the conspiracy at the outset. With regard to liability for conspiracy (although not substantive offenses), the defendant may have joined the conspiracy at any time in its progress, and will still be held responsible for all that was done before he joined, if those acts were reasonably foreseeable and within the scope of the defendant's agreement, and for all that was done during the conspiracy's existence while he or she was a member. Each member of a conspiracy may perform separate and distinct acts, or no acts at all. Some conspirators may play major roles, while others play only minor roles in the scheme. An equal role is not what the law requires.  In fact a single act may be sufficient to draw the defendant within the ambit of the conspiracy.[3]

> **Deleted:** , and a defendant does not need to perform any specific act beyond joining the conspiratorial agreement.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. For example, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy. In other words, knowledge without agreement is not sufficient. What is necessary is that the defendant has joined the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives. A person may know, or be friendly with, a conspirator without being a conspirator himself. Mere similarity of conduct or

---

[3]1 Modern Federal Jury Instructions-Criminal Procedure 19.01, 19-6 Membership in the Conspiracy:  The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

---

[11] *Id.*

the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.

I also want to caution you that mere knowledge of or acquiescence to the unlawful plan—without agreement in it—is not sufficient. Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

*Termination of a Conspiracy*

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. Similarly, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination.

It is not essential that the government prove that a particular conspiracy alleged in the indictment started or ended on any of the specific dates described for that conspiracy. It is sufficient if you find that the conspiracy was formed and that it existed within the time set forth in the indictment.

Instruction 19-7 Commission of Overt Act[1]

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

16

The indictment charges that the following overt acts were committed in the [insert venue] District. [Read overt acts.]

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Instruction 19-8 Commission of Overt Act in Furtherance of the Conspiracy

The fourth, and final, element that the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself is criminal or constitutes an objective of the conspiracy

17

**Proposed Instruction No. ##**

**COUNT ONE: EXPORT CONTROL REFORM ACT CONSPIRACY[12]**

**50 U.S.C. § 4819**

I have just instructed you generally on conspiracy law. I will now give you additional instructions specific to the offense of conspiracy to violate the Export Control Reform Act charged in Count One.

> Deleted: cies
>
> Deleted: as a theory of liability for a crime. But conspiracy can also be a charged crime, and

The Export Control Reform Act makes it unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of this subchapter—in other words, engaging in any conduct prohibited by or contrary to the Export Administration Regulations. And a person who willfully commits or attempts to commit an unlawful act in this section shall be guilty of a crime.[13]

The Export Control Reform Act regulates the export of certain commodities such as firearms. The Department of Commerce has promulgated the Export Administration Regulations, which include the Commerce Control List. The Commerce Control List consists of categories of certain items that, depending on the destination, cannot be exported without a license by the Department of Commerce's Bureau of Industry and Security. Non-automatic and semi-automatic firearms equal to .50 caliber or less, shotguns, and ammunition are on the Commerce Control List and require a license for export from the United States to Haiti.[14]

---

[12] *See generally* Redbook Instruction 7.102, 2020 Edition; *United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial); Eighth Circuit Pattern Jury Instructions, 2017 Edition; Eleventh Circuit Pattern Jury Instructions, 2020 Edition. Each paragraph or definition is annotated with the source from which it is derived.

[13] Adapted in part from *United States v. Tita*, 21-cr-0334-CCB (D. Md.) (trial transcript May 4, 2022) at 38.

[14] *See generally United States v. Burden*, 14-cr-00069-RMC, Dkt. 121, at 40 (D.D.C. Sept. 29,

As relevant here, the Export Control Reform Act makes it illegal for a person to willfully buy, remove, conceal, store, use, sell, loan, dispose of, transfer, transport, finance, forward, or otherwise service, in whole or in part, or conduct negotiations to facilitate such activities for, any item exported or which was to be exported from the United States, or otherwise subject to the Export Administration Regulations, with the knowledge that a violation of the Export Control Reform Act or the Export Administration Regulations has occurred, is about to occur, or is intended to occur in connection with the items, unless the defendant had a license from the Department of Commerce's Bureau of Industry and Security.[15] Counts Three through Seventeen of the Second Superseding Indictment charge defendants Tunis and Germine with violating the Export Control Reform Act by willfully exporting, attempting to export, and causing to be exported firearms from the United States to Haiti without having first obtained a license from the U.S. Department of Commerce.

Count One of the Second Superseding Indictment charges defendants Tunis and Germine with conspiring to violate the Export Control Reform Act.

---

2016) (violations of the Arms Export Control Act); *United States v. Tita*, 21-cr-0334-CCB (D. Md.) (trial transcript May 4, 2022) at 38 (violations of the Arms Export Control Act and Export Control Reform Act).

[15] 50 U.S.C. § 4819(a)(2)(E).

*Elements*

With respect to Count One, you must consider separately the issue of each defendant's participation. Specifically, for you to find a defendant guilty of conspiracy to violate the Export Control Reform Act, the government must prove each of the following elements beyond a reasonable doubt:

1. First, from on or about March 1, 2021, until on or about November 8, 2021, an agreement existed between two or more people to export and cause the exportation of goods, *that is* firearms and ammunition, from the United States without a license in violation of the Export Control Reform Act;

2. Second, the defendant knowingly and willfully joined the conspiracy (either at the time it was first reached or at some later time while it was still in effect).[16]

As I have mentioned, you need not find that a substantive violation of the Export Control Reform Act occurred, only that the defendant knowingly and willfully participated in a conspiracy to engage in conduct that would have violated the Export Control Reform Act.

I will describe the elements of the Export Control Reform Act a little later when discussing Counts Three through Seventeen.

| Deleted: in |

20

[16] Redbook Instruction 7.102, 2020 Edition and Eighth Circuit Pattern Jury Instructions, 2017 Edition.

Proposed Instruction No. ##

**COUNT TWO: CONSPIRACY TO COMMIT OFFENSE
OR TO DEFRAUD UNITED STATES[17]**

**18 U.S.C. § 371**

Count Two of the Indictment charges the defendants with Conspiracy to commit an offense or to defraud the United States, which is a violation of federal law. Count Two of the indictment charges that, from on and around March 1, 2021 through until on and around November 8, 2021, the defendants participated in a conspiracy to commit a crime against the United States and its agency, the Department of Commerce, to smuggle and cause the smuggling of good from the United States and to defraud the United States by interfering with and obstruction a lawful government function, that is, the enforcement by Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) of laws and regulations related to the purchase and sale of firearms by means of deceit, craft, trickery and dishonesty. It is against the law to agree with someone to commit these crimes.[18]

*Elements*

With respect to Count Two, you must consider separately the issue of each defendant's participation. Specifically, for you to find a defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:[19]

---

[17] *See generally* Redbook Instruction 7.102, 2020 Edition; *United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial); Eighth Circuit Pattern Jury Instructions, 2017 Edition; Eleventh Circuit Pattern Jury Instructions, 2020 Edition. Each paragraph or definition is annotated with the source from which it is derived.

[18] *See* Redbook Instruction 7.102, 2020 Edition.

[19] Final jury instructions from *United States v. Mark Pray, et.al.*, 10-cr-051 (RMC), ECF No. 388, at 48, to clarify that each defendant must be evaluated individually.

1.  First, from on or about March 1, 2021 to on or about November 8, 2021, an agreement existed between two or more people to: a) commit a crime against the United States and its agency, the Department of Commerce, to smuggle and cause the smuggling of good from the United States and b) to defraud the United States by interfering with and obstruction a lawful government function, that is, the enforcement by ATF of laws and regulations related to the purchase and sale of firearms by means of deceit, craft, trickery and dishonesty;[20]

2.  Second, the defendant intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;[21] and

3.  Third, one of the people involved in the conspiracy did something—called an overt act—for the purpose of carrying out the conspiracy.[22]

*Terms and Definitions*

*Overt Acts*

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.[23]

*Statements*

In determining whether a conspiracy between two or more persons existed and whether each defendant was one of its members, you may consider the acts and the statements of any other members of the conspiracy as evidence against all of the defendants whether done in or out of their presence while the conspiracy existed. When persons enter into an agreement to commit a crime,

---

[20] Redbook Instruction 7.102, 2020 Edition.
[21] Redbook Instruction 7.102, 2020 Edition and Eighth Circuit Pattern Jury Instructions, 2017 Edition.
[22] Redbook Instruction 7.102, 2020 Edition.
[23] Eleventh Circuit Pattern Jury Instructions, Criminal Cases (2016 revision).

they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.[24]

*Unanimity as to the Objects or Goals of the Conspiracy*

The object of a conspiracy is the illegal goal that the conspirators agree or hope to achieve. A conspiracy may have more than one object.[25]

Count Two charges the defendants with conspiring to achieve two separate goals or objects: a) commit a crime against the United States and its agency, the Department of Commerce, to smuggle and cause the smuggling of good from the United States and b) to defraud the United States by interfering with and obstruction a lawful government function, that is, the enforcement by ATF of laws and regulations related to the purchase and sale of firearms by means of deceit, craft, trickery and dishonesty. [26]

_____

[24] *See* Redbook Instruction 7.102, 2020 Edition.
[25] *United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial).
[26] *Id.*
[27] *United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial).

**Deleted:** The United States is not required to prove both goals of the conspiracy. However, the United States must prove at least one of those two goals beyond a reasonable doubt. If the United States has not proved that at least one of those goals was a goal of the conspiracy charged in Count One, your verdict must be not guilty.[27]

24

To find a defendant guilty of Count Two, you must find that the Government has proven beyond a reasonable doubt a conspiracy to commit both of the separate goals or objects.

**Deleted:** As to either or both goals which you may find the defendants agreed to promote, you must be unanimous. For example, if some of you find that the defendants agreed to commit a crime against the United States and its agency, the Department of Commerce, to smuggle and cause the smuggling of good from the United States, and the remaining jurors find that the defendants agreed only to defraud the United States by interfering with and obstruction a lawful government function, that is, the enforcement by ATF of laws and regulations related to the purchase and sale of firearms by means of deceit, craft, trickery and dishonesty, that is not enough. You must be unanimous as to one or the other or both.[28]

**Formatted:** Font: 12 pt

---

[28] *Id.*

25

**Proposed Instruction No. ##**

### ATTEMPT

Deleted: T

In Counts Three through Forty-Eight, each defendant is also charged individually with both committing the crimes and attempting to commit the charged crimes. An attempt to commit a crime is a crime even if the defendant did not actually complete the crime.[29]

In order to find the defendant guilty of willfully attempting to commit a crime, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First*, that the defendant intended to commit the crime, as I have defined those offenses above.

*Second*, that the defendant took a substantial step toward committing the crime which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt merely because the defendant thought about it or had a mere intention to commit a specific crime. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempting to commit a crime merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish the defendant's intent to commit the crime. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

---

[29] *See United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400, at 28-29 (final instructions on attempt from January 6th trial).

Deleted: A person may be guilty of an attempt to commit a crime even though he changed his mind¶

26

**Deleted:** and abandoned the effort to commit the crime or did something to prevent its commission.[30]

---

[30] *See United States v. Young*, 613 F.3d 735, 745 (8th Cir. 2010) ("We emphasize that all of our sister circuits that have faced this issue have either held that a defendant cannot abandon a completed attempt or have alluded to such a determination."); *see also* Sixth Circuit Pattern Criminal Jury Instructions (2023), 5.01 Attempt – Basic Elements, Committee Commentary 5.01 ("No defense of withdrawal, abandonment or renunciation exists after the crime of attempt is complete with proof of intent and acts constituting a substantial step toward the substantive offense.") (citing *United States v. Alebbini*, 979 F.3d 537, 548 (6th Cir. 2020) (citing *United States v. Shelton*, 30 F.3d 702, 706 (6th Cir. 1994) ("[T]he attempt crime is complete with proof of intent together with acts constituting a substantial step toward commission of the substantive offense.")).

**Proposed Instruction No. ##**

**COUNTS THREE THROUGH SEVENTEEN: EXPORT CONTROL REFORM ACT**

**50 U.S.C. § 4819**

In Count One, the defendants are charged with a conspiracy to violate export laws. In Counts Three through Seventeen, the defendants are charged with individual acts alleging they violated export laws.

The essential elements of this offense, each of which the Government must prove beyond a reasonable doubt, are the following:

1. The defendant knowingly exported, attempted to export, or caused to be exported the firearms at issue to Haiti;

2. The firearms were on the Commerce Control List and required a license for export;

3. The defendant exported, attempted to export, or caused the firearms without first having obtained a license for the export; and

4. The defendant acted knowingly and willfully.[4]

*Terms and Definitions*

*Export*

For the first element, an export is the act of sending or carrying goods and merchandise from one country to another. It is not necessary, however, for the government to prove that the goods actually arrived in the country to which they were being sent. "Knowingly," as used here, means an act done

---

[4] All defense additions to this jury instruction come from *United States v. Tita*, 21cr0334-CCB (D.Md.) (trial transcript May 4, 2022) 37-40.

voluntarily and intentionally and not because of mistake or accident or other innocent reason.[31]

*Commerce Control List*

As to the second element, the Department of Commerce's Bureau of Industry and Security

maintained the Commerce Control List as part of the Export Administration Regulations. The

Commerce Control List included non-automatic and semi-automatic firearms equal to .50 caliber

or less, shotguns, and ammunition. It is solely for the jury, however, to determine whether or not

the government has proven beyond a reasonable doubt that the firearms at issue were on the

Commerce Control List.

For the third element, the Government has to prove beyond a reasonable doubt that the

defendant exported or attempted to export these items without first obtaining a license or written

authorization from the Department of Commerce's Bureau of Industry and Security to do so.

For the fourth element, the Government has to prove beyond a reasonable doubt, the term

"willfully," as used here, means an act committed with knowledge that it was prohibited by law

or was done in disregard of a known legal obligation. The government must prove that a

defendant acted with knowledge that exporting, attempting to export, causing to be exported the

firearms at issue from the United States was unlawful. While the government must show that a

defendant knew that the conduct was unlawful, it is not necessary for the Government to show that

a defendant was aware of the specific law, rule, or regulation that the conduct may have violated.[32]

In other words, the Government need not prove that a defendant had read, was aware of,

or had consulted the licensing provisions of the Export Control Reform Act or the Export

Administration Regulations or the Commerce Control List. The Government, however, must prove

beyond a reasonable doubt, by reference to facts and circumstances surrounding the case, that a

**Deleted:** T

**Deleted:** *Willfully*¶

**Deleted:** W

[31] *See generally United States v. Burden*, 14-cr-00069-RMC, Dkt. 121, at 40 (Sept. 29, 2016).

[32] *See United States v. Burden*, 14-cr-00069-RMC, Dkt. 121, at 40 (Sept. 29, 2016), *rev'd in part* 934 F.3d 675, 692 (D.C. Cir. 2019) ("Because the willfulness instruction required only that the defendants acted with knowledge that 'the conduct' was unlawful, . . . [o]n retrial, the instruction should make clear that an AECA conviction requires that defendants knew of the unlawfulness of the charged unlicensed export of the items from the United States      ").

defendant knew that the conduct was unlawful.[33]

A defendant's conduct is not willful if it's due to negligence, inadvertence, or mistake.  A defendant who has a good faith belief that the underlying conduct was lawful does not act willfully.

> **Formatted:** Font: 12 pt
>
> **Formatted:** Font: 12 pt

---

[33] *See United States v. Burden*, 14-cr-00069-RMC, Dkt. 121, at 40 (Sept. 29, 2016), *affirmed* 934 F.3d 675, 692 (D.C. Cir. 2019) ("We hold that the district court's jury instruction was correct in

sofar as it . . . clarified that the government need not prove defendants knew the specific law their conduct violated.").

**Proposed Instruction No. ##**

**COUNTS EIGHTEEN THROUGH TWENTY: SMUGGLING**

**18 U.S.C. § 554(a)**

Counts Eighteen through Twenty of the Second Superseding Indictment charge the defendants Joly Germine and Eliande Tunis with smuggling goods from the United States, which is a violation of federal law.[34]

It is a federal crime to fraudulently or knowingly export, attempt to export, or cause the export from the United States any merchandise, article, or object contrary to any law or regulation of the United States, or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article, or object, prior to exportation, knowing that the merchandise, article, or object was intended for exportation contrary to any law or regulation of the United States.

The following counts charges defendants Joly Germine and Eliande Tunis with smuggling for attempting to ship firearms and ammunition from the United States, or causing another to do the same, on or about the following dates:

Count Eighteen - October 9, 2021

Count Nineteen - October 11, 2021

Count Twenty - October 19, 2021.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are the following:

    1.   That the defendant, ~~one he aided and abetted~~, or a coconspirator fraudulently and knowingly exported and sent, and attempted to export and send, or

> **Formatted:** Strikethrough

---

[34] *See United States v. Sotis, et al.*, 19-cr-20693-PAS, Jury Instructions at 15 (S.D.F.L. Oct. 22, 2021); Ninth Circuit Model Criminal Jury Instruction 8.35A.

caused the exportation and sending of firearms and ammunition from the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, or sale of such firearms and ammunition, prior to exportation, knowing the firearms and ammunition were intended for exportation;

2.  That the export of the firearms and ammunition at issue was or would have been contrary to the Export Control Reform Act and the Export Administration Regulations;

3.  That the defendant knew that the export and attempted export of the firearms and ammunition was contrary to law or regulation; and

4.  That the defendant did something that was a substantial step toward committing the crime.  I have already defined for you what a substantial step requires.[5]

The government does not need to prove the elements of a violation of the Export Control Reform Act for the defendant to be found guilty of smuggling.

---

[5] 21.2 Modern Federal Jury Instructions-Smuggling or Attempting to Smuggle Goods from the United States

**Deleted:** and

**Deleted:** .

**Proposed Instruction No. ##**

**COUNTS TWENTY ONE TO THIRTY FOUR:**
**INTERNATIONAL MONEY LAUNDERING (PROMOTION)**

**18 U.S.C. § 1956(a)(2)(A)(i)[35]**

Counts Twenty One to Thirty Four of the Second Superseding Indictment charge the defendants Joly Germine and Eliande Tunis with international money laundering to promote a crime, which is a violation of federal law.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are the following:

1.  The defendant, ~~one he aided and abetted~~, or a coconspirator knowingly transported, transmitted, or transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds;

2.  (i) From a place in the United States to or through a place outside the United States, or (ii) to a place in the United States from or through a place outside the United States;

3.  Third, the defendant acted with the intent to promote the carrying on of a specified unlawful activity, that is smuggling, as described in Counts Two, Eighteen, Nineteen, and Twenty.

*Monetary Instrument*. The phrase "monetary instrument," means, among other things, coin or currency of the United States or of any other country, money orders, negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

---

[35] Adapted from Statute and 8th Cir Model Instruction 6.18.1956D – Money Laundering— Movement of Monetary Instruments and Funds to Promote Specified Unlawful Activity.

**Formatted:** Strikethrough

**Proposed Instruction No. ##**

**COUNTS THIRTY FIVE TO FORTY EIGHT:**
**MONEY LAUNDERING (PROCEEDS)**

**18 U.S.C. § 1956(a)(1)(A)[36]**

Counts Thirty Five to Forty Eight of the Second Superseding Indictment charge the defendants Joly Germine and Eliande Tunis with international money laundering of the proceeds of a crime, which is a violation of federal law.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are the following:

1.   First, the defendant, ~~one he aided and abetted~~, or a coconspirator knowingly conducted or attempted to conduct a financial transaction affecting interstate or foreign commerce;

   > *Formatted: Strikethrough*

2.   Second, the defendant knew the property involved in the financial transaction represents the proceeds of some form of unlawful activity, that is illegal 400 Mawozo gang activity and kidnapping ransom payments for U.S. citizens;

   - ***Defendant Tunis objects to the defining of unlawful activity as inserting of a factual allegation in the instruction***
     *-Join Tunis' objection*

   > *Formatted: Indent: Left: 1.5"*

3.   Third, the property involved in the financial transaction was, in fact, proceeds of specified unlawful activity, that is the kidnappings of U.S. citizens for ransom; and

   - ***Defendant Tunis objects to the defining of specified unlawful activity as inserting of a factual allegation in the instruction***
     *-Join Tunis' objection*

   > *Formatted: Indent: Left: 1.5"*

---

[36] Adapted from Statute and 8th Cir Model Instruction 6.18.1956A – Money Laundering—

Financial Transaction to Promote Specified Unlawful Activity.

4.      Fourth, the defendant acted with the intent to promote the carrying on of specified unlawful activity, that is smuggling, as described in Counts Two, Eighteen, Nineteen, and Twenty.

*Definitions.*[37]

The term "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under State, Federal, or foreign law.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

---

[37] Statutory definitions, 18 U.S.C. § 1956(c).

The term "monetary instruments" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "interstate commerce," as used above, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The phrase "foreign commerce," as used above, means commerce between any state, territory or possession of the United States and a foreign country. The term "commerce" includes, among other things, travel, trade, transportation and communication. It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce. All that is necessary is that interstate or foreign commerce was affected as a natural and probable consequence of the defendant's actions.

The term "proceeds" means any property, or any interest in property, that someone derives from, or obtains or retains, either directly or indirectly, as a result of the commission of (describe the specified unlawful activity).

*Proceeds.* It does not matter whether or not the person who committed the underlying crime, and thereby acquired or retained the proceeds, was a defendant. It is a crime to conduct a financial transaction involving property that is the proceeds of a crime, even if that crime was committed by another person, as long as all of the elements of the offense are satisfied.[38]

The Government must prove beyond a reasonable doubt is that the property involved in the financial transaction involved the proceeds of kidnappings of U.S. persons for ransom. In this case,

---

[38] 8th Cir Model Instruction 6.18.1956A – Money Laundering—Financial Transaction to Promote Specified Unlawful Activity.

there has been evidence presented that the monies allegedly obtained by kidnappings of U.S. persons for ransom were not segregated or kept apart from other monies, but instead were placed were mixed or commingled with funds obtained by 400 Mawozo from other sources. The Government has alleged that the commingled funds were then used to conduct the alleged Money Laundering transactions. You are specifically instructed that the Government is not required to prove that all of the funds involved in the charged transactions constituted the proceeds of kidnappings of U.S. persons for ransom. It is sufficient if the Government proves that the funds in question included tainted proceeds; that is, monies obtained from kidnappings of U.S. persons for ransom, were commingled with other funds. Once the proceeds of kidnappings of U.S. persons for ransom are commingled with other funds, any withdrawal or expenditures from that commingled fund involves the proceeds of kidnappings of U.S. persons for ransom. If the law were otherwise, participants in the unlawful activities could frustrate the Money Laundering statute simply by commingling funds derived from a kidnappings of U.S. persons for ransom scheme with funds from other sources.[39]

---

[39] Modified from *United States v. Braxtonbrown-Smith*, No. 99-cr-154 (D.D.C. J. Hogan), use affirmed in *United States v. Braxtonbrown-Smith*, 278 F.3d 1348, 1352–55 (D.C. Cir. 2002) (J. Hogan, trial court) (instruction available in Appellant's brief, 2001 WL 36040250, at 22). *See United States v. Rodriguez*, 53 F.3d 1439 (7th Cir. 1995) (purchase of house involved SUA proceeds even though only $1,000 of $17,000 payment was drug money); *United States v. Garcia*, 37 F.3d 1359 (9th Cir. 1994) ("it is sufficient to prove that the funds in question came from an account in which tainted proceeds were commingled with other funds"); *see also United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (the presence of legitimate funds does not make a money laundering transaction lawful; it is only necessary to show that the transaction involves criminal proceeds); *United States v. Bieganowski*, 313 F.3d 264, 279-80 (5th Cir. 2002) (even if some of health care provider's income was legitimate, transfer of commingled funds would satisfy the proceeds element of § 1956(a)(1)); *United States v. Rodriguez*, 278 F.3d 486, 491 (5th Cir. 2002) (jury was free to convict alien smuggler of money laundering despite evidence that he used commingled funds to conduct his financial transactions); *United States v. Pendergrass*, 47 F.3d 1166, 1995 WL 56673, at n.6 (4th Cir. 1995) ("Evidence of a defendant's lack of legitimate income, when combined with evidence of a defendant's drug trafficking and use of wire services

- ***Defendant Tunis objects to the prior paragraph as inserting of a factual allegation in the instruction***
- *Join Tunis' objection*

The government is not required to trace the property it alleges to be proceeds of 400 Mawozo kidnappings of U.S. persons to a particular underlying offense. It is sufficient if the government proves that the property was the proceeds of that activity generally, without identifying the date and place of a specific offense. For example, in a case involving alleged drug proceeds, the government would not have to trace the money to a particular drug offense, but could satisfy the requirement by proving that the money was the proceeds of drug trafficking generally.[40]

- ***Defendant Tunis objects to the prior paragraph as inserting of a factual allegation in the instruction***
- *-Join Tunis' objection*

The government need not prove that all of the property or money involved in the transaction was the proceeds of 400 Mawozo kidnappings of U.S. persons. It is sufficient if the government proves that at least part of the property represents such proceeds, even if those proceeds were commingled with other funds.[41]

- ***Defendant Tunis objects to the prior paragraph as inserting of a factual allegation in the instruction***
- *Join Tunis' objection*

*Specified Unlawful Activity.* It is not necessary to show that the defendant intended to commit the underlying crime of smuggling themselves; it is sufficient that in conducting or

_____

to transfer money, is sufficient to sustain a conviction for money laundering.").

[40] 8th Cir Model Instruction 6.18.1956A - Money Laundering—Financial Transaction to Promote Specified Unlawful Activity.

[41] 8th Cir Model Instruction 6.18.1956A - Money Laundering—Financial Transaction to Promote Specified Unlawful Activity.

attempting to conduct the financial transaction, the defendant himself intended to make the unlawful activity easier or less difficult.[42]

---

[42] 8th Cir Model Instruction 6.18.1956A - Money Laundering—Financial Transaction to Promote Specified Unlawful Activity.

43

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: _/s/ Karen Seifert_____
Karen P. W. Seifert (N.Y. Bar No. 4742342)
Kimberly Paschall (D.C. Bar No. 1015665)
Assistant United States Attorneys


MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL

Beau D. Barnes (D.C. Bar No. 1024150)
Trial Attorney
Counterintelligence and Export Control
Section
National Security Division
U.S. Department of Justice