```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


 UNITED STATES OF AMERICA,      .
                                .
          Plaintiff,            . CR No. 21-0699 (JDB)
                                . CR No. 22-0161 (JDB)
     v.                         .
                                . Washington, D.C.
 JOLY GERMINE,                  . Wednesday, February 21, 2024
                                . 10:07 a.m.
          Defendant.            .
 . . . . . . . . . . . . . . . .


              TRANSCRIPT OF STATUS HEARING
          BEFORE THE HONORABLE JOHN D. BATES
              UNITED STATES DISTRICT JUDGE


 APPEARANCES:

 For the Government:           KAREN P. SEIFERT, AUSA
                               KIMBERLY L. PASCHALL, AUSA
                               U.S. Attorney's Office
                               601 D Street NW
                               Washington, DC 20530

 For Defendant:                ALLEN H. ORENBERG, ESQ.
                               The Orenberg Law Firm, PC
                               12505 Park Potomac Avenue
                               6th Floor
                               Potomac, MD 20854

                               ELITA AMATO, ESQ.
                               2111 Wilson Boulevard
                               Suite 8th Floor
                               Arlington, VA 22201

 Court Reporter:               BRYAN A. WAYNE, RPR, CRR
                               U.S. Courthouse, Room 4704-A
                               333 Constitution Avenue NW
                               Washington, DC 20001
```

```
                        P R O C E E D I N G S
          THE DEPUTY CLERK:  We're on the record in criminal
case 22-161 and 21-699, United States of America versus Joly
Germine.  Starting with government counsel, please approach the
podium and state your appearance for the record.
          MS. SEIFERT:  Good morning, Your Honor.  Karen Seifert
for the United States.  With me at counsel table is Kim Paschall.
          THE COURT:  Good morning to you both.
          MR. ORENBERG:  Good morning, Your Honor.  Allen
Orenberg on behalf of Mr. Germine, who is present.
          THE COURT:  Good morning.
          MS. AMATO:  Good morning, Your Honor.  Elita Amato on
behalf of Mr. Germine as well.
          THE COURT:  Good morning to you as well, Ms. Amato.
     All right.  We're here in both cases.  I guess in the now-
completed case, we've got sentencing scheduled, and then we have
whatever's going to be the future with respect to the kidnapping
case.  And Mr. Orenberg, I think you had requested that the two
cases be scheduled together so that you could have some time to
perhaps discuss with your client and see where things are
headed.  But I don't know whether I should turn first to defense
or turn first to the government.
          MS. SEIFERT:  Always happy to go first, Your Honor.
          THE COURT:  Ms. Amato is it insulted by that.
          MS. SEIFERT:  Sorry, Ms. Amato.
```

1         (Laughter.)

2         Obviously, with respect to the sentencing, that's set for
3    May.  I don't think the government would be in any position to
4    offer any plea on the kidnapping case until after the defendant
5    was sentenced in the case that we just went to trial on.  And so
6    -- and with respect to plea discussions, I think it's ultimately
7    premature to tell the Court yet whether we think there's a
8    likelihood that the case would be resolved by plea, the
9    kidnapping case.

10        I think we would know more in early June, after we've had
11   time to see what the sentence is, consult with management, and
12   then also consult with the victims, which we're of course
13   obligated to do.  And being that there are 16 of them, that
14   might take us a little bit of time to discuss.

15        But putting that aside, I think with respect to the status
16   of the kidnapping case, the government is primarily done with
17   its discovery obligations.  Of course, there's always more
18   things that come out.  We do have an additional set of
19   information that will go out in the next week or so here, and we
20   think after that we would be able to tell the Court that we're
21   ready to proceed to put a trial date on the calendar, so we
22   would also be fine if the Court wants to put a date on the
23   calendar at this time setting a date.

24        I think counsel for defendant has maybe a different opinion
25   about how to proceed, but I think the government's position is

1  we can put a status on in early to mid-June, but we could also
2  put a trial date on and we can determine if that will hold in
3  June.
4         THE COURT:  If I were to decide to put a trial date
5  on, when would the government suggest that that trial date
6  occur?
7         MS. SEIFERT:  I don't think actually Ms. Paschall and
8  I have any other trial commitments in the near future.
9         MS. PASCHALL:  I have two commitments, but...
10         MS. SEIFERT:  But I think my understanding from
11  defense was they had some commitments and would need to commence
12  scheduling into next year, and I don't know how busy the Court's
13  calendar is.  But we're happy to pick a date now, knowing that
14  the Court might have a lot of trial obligations on its calendar.
15         THE COURT:  How long do you think the government's
16  case will takes?
17         MS. SEIFERT:  Really, two to three weeks.  It's not
18  that long of a case.  Although there are many victims, I don't
19  anticipate we would call them all, obviously.  And I think it
20  would be two to three weeks with jury selection would be
21  sufficient.
22         THE COURT:  Okay.  Thank you.
23      Mr. Orenberg, for the different view.
24         MR. ORENBERG:  Well, it's different, but I think it
25  makes more sense.

1          THE COURT:  Of course you think it makes more sense.

2          MR. ORENBERG:  I think it makes a status date in June
3  following the sentencing hearing in the case that we just
4  completed, because there's still some factors in play which may
5  determine whether or not the kidnapping case actually needs to
6  go to trial.  To set a trial date now, as the Court is well
7  aware, puts additional responsibilities on all of us to take
8  care of certain pretrial matters, motions, and the like.  And
9  given the fact that we are in this sort of -- as I said, this
10 unusual juncture, it's prudent and I think it makes good
11 judicial economy not to set a trial date and to set a status
12 date in this three months and see where we are.

13         THE COURT:  All right.  So I don't think that's a
14 frivolous proposal, but just assume for the moment, and only
15 for the moment, that we need to set a trial -- or that I think
16 we should set a trial date.  When should that be, from your
17 perspective?

18         MR. ORENBERG:  Next February.

19         THE COURT:  And because?

20         MR. ORENBERG:  Well, because it's not carved in stone
21 yet, but I'm pretty sure that I'm going to have a trial with
22 Judge Howell in December.  I'll know better about that later,
23 maybe as early as Friday.  And then I have another trial which
24 is going to be scheduled.  It's a large codefendant case in the
25 District of Northern West Virginia.  It's going to be set for

```
 1   next January, and I'm told that's going to go two to three
 2   weeks.  So I'm thinking --
 3            THE COURT:  So that takes December and January out.
 4   What about November?
 5            MR. ORENBERG:  November I'm clear, but -- that's
 6   right.  Ms. Amato is piping up; she's not available in November.
 7   I think we need to consult with her also.  The Court should
 8   consult with her about her schedule.
 9            THE COURT:  All right.
10       Ms. Amato, what's your schedule situation?
11            MS. AMATO:  I do need to keep the week of -- let's
12   see, November...  So I'd be available the week of the 18th of
13   November.
14            THE COURT:  You have to be available for three weeks.
15            MS. AMATO:  Right.  Well, I mean, I'm available in
16   December, Your Honor.  So I mean if theoretically we were to
17   schedule a trial date the week of November 18, I'm available for
18   it to proceed the three weeks.
19            THE COURT:  But your December conflict, Mr. Orenberg,
20   is when?  Or you don't know and you want me not to schedule
21   because another judge in another district may schedule.
22            MR. ORENBERG:  No.
23            THE COURT:  It's not usually how it works.
24       (Laughter.)
25            MR. ORENBERG:  And the judge two floors downstairs,
```

1    Judge Howell.
2            THE COURT:  Oh, the December one is Judge Howell, and
3    the one that's in West Virginia isn't scheduled yet.
4            MR. ORENBERG:  I think I'm going to have more clarity
5    on the Judge Howell situation in a week or so, and I could
6    notify the Court and counsel as to my availability in December.
7    If that December date goes away, then I'll be available.
8            THE COURT:  I can't try the case beginning November 18.
9            MR. ORENBERG:  Okay.
10           THE COURT:  Because I have a long scheduled trip with
11   many other people, and that is over the Thanksgiving week, and
12   so that would mess up a November 18th trial date.  But I
13   probably could schedule the case in December.
14           MR. ORENBERG:  Just to pipe up again, I might have a
15   trial starting January 15 in Martinsburg, West Virginia.
16           THE COURT:  I understand.  I understand.  But waiting
17   a year is a long time.  That's what you're suggesting, that we
18   wait a year.
19           (Defense conferring.)
20           MR. ORENBERG:  I'm clear in October.
21           MS. AMATO:  Yeah, me too.
22           THE DEPUTY CLERK:  You're not.
23           MR. ORENBERG:  You're not?
24           THE COURT:  Do I have any clearance in October?
25           THE DEPUTY CLERK:  The first two weeks, Your Honor.

1              THE COURT:  The first two weeks are clear?

2              THE DEPUTY CLERK:  Some days not so much.

3              THE COURT:  If they're individual days, I can take

4    care of individual days, but if I have trials scheduled, then I

5    can't take it.

6              THE DEPUTY CLERK:  Yes.  The first two weeks of

7    October are clear.

8              MS. SEIFERT:  Your Honor, one of the AUSAs has travel

9    that first week of October.  That's also long been booked, so if

10   we could avoid the beginning of that first week.

11             THE COURT:  All right.  So who has a suggestion for

12   when this will work?

13             MS. AMATO:  Well, either we set a status hearing in

14   June and see if our calendar --

15             THE COURT:  I know we can do that, but who has a

16   suggestion for when a trial would work?

17             MS. AMATO:  Well, I think February.

18             THE COURT:  Other than February.

19             MS. AMATO:  Oh, other than February.

20             MS. SEIFERT:  The government is also fine with

21   February, but it did sound like if we did early December after

22   the Court returns from its travel and we're done in two and a

23   half weeks that we'd be done before the Christmas holiday.

24             THE COURT:  But you currently have a case scheduled

25   for trial then.

1          MR. ORENBERG:  Well, no, it's not scheduled yet.

2          THE COURT:  Oh, this is another one where another
3   judge hasn't scheduled but you want me to defer to that judge.

4          MR. ORENBERG:  Only because a colleague of
5   Ms. Seifert's in her office submitted a status report to Judge
6   Howell earlier this week with all counsel suggesting the trial
7   December 15.  And there's a status hearing in this courthouse on
8   Friday at 9:30 to accept that or reject that.

9          THE COURT:  So Mr. Orenberg has cleverly asked that
10  we defer to one of your colleagues, Ms. Seifert.

11         MS. SEIFERT:  Given that we don't have any other
12  defendants, again, the government would also be fine with
13  February.  It's a long time from now.  At the same time,
14  defendant is set to be sentenced and is likely going to be in
15  prison anyway on his initial case.  So as long as it's fine with
16  defense, the government would also be fine with February.

17         THE COURT:  All right.  How do we look in February,
18  Ms. Duncan?  That's a long time from now, so I doubt that
19  there's much scheduled.

20         THE DEPUTY CLERK:  We're clear.

21         THE COURT:  All right. In deference to you,
22  Mr. Orenberg, because you have something in January, when in
23  February would you like to begin so that we can finish by the
24  end of February?  That's not leaving you a lot of latitude.

25         MS. AMATO:  The 10th?

```
 1                MR. ORENBERG:  I think the 10th is a holiday.
 2                MS. AMATO:  Oh, Presidents Day.
 3                MR. ORENBERG:  Or -- yeah.
 4                MS. AMATO:  Maybe.
 5                MR. ORENBERG:  Or it might be the 17th.
 6                MS. AMATO:  No, it's the 17th.
 7                MR. ORENBERG:  I would say --
 8                THE COURT:  Are the two of you talking for the
 9     purposes of the court reporter, or you just having a little
10     chat?
11                MR. ORENBERG:  I think the 17th is Presidents Day
12     next year.
13                THE COURT:  That's probably right.
14                MR. ORENBERG:  What about the 18th?
15                THE COURT:  How does the 18th sound?
16                MS. SEIFERT:  Fine for the government.
17                MS. AMATO:  That's fine with me, Your Honor.
18                THE COURT:  Let's schedule the trial for February 18,
19     2025, but we'll revisit this in June.  But at least we have a
20     placeholder so that other trials cannot jump in there that are
21     not scheduled.
22                MS. AMATO:  And who knows, Your Honor, maybe the
23     government will dismiss the case.
24          (Government laughs.)
25                THE COURT:  All right.  Do you think we need to
```

1   schedule anything else in the case given that February is a long
2   time from now --
3           MS. AMATO:  I think the June date for a status might
4   be useful.
5           THE COURT:  Well, I think we have to have the June
6   date for a status, but can we wait till then before scheduling
7   anything else such as motions?
8           MS. AMATO:  That's fine for us, Your Honor.
9           MS. SEIFERT:  That's also fine for the government.
10          THE COURT:  All right.  So a June date?
11          MR. ORENBERG:  I have a three-week trial with Judge
12  Walton starting on June 3, but I'll be in the courthouse.
13          MS. AMATO:  I'm also in that trial, but I anticipate
14  my client will be accepting a plea very shortly in that case.
15  So I don't anticipate being in that trial.
16          THE COURT:  All right.  Which day in May is sentencing
17  scheduled?
18          MS. AMATO:  The 15th, Your Honor.
19          THE COURT:  And June 3rd is a Monday?
20          MR. ORENBERG:  Yes, sir.
21          THE COURT:  Will Judge Walton sit on Fridays, do you
22  know?
23          MR. ORENBERG:  I'm not sure.
24          THE COURT:  So do you want to schedule a lunchtime?
25          MR. ORENBERG:  That would be fine.  I could let Judge

```
 1    Walton know if it actually goes to trial.
 2              THE COURT:  So twelve o'clock on what day might make
 3    sense?  Maybe the second week, not the June 3rd week.  How's
 4    June 11th?  That's a Tuesday.
 5              THE DEPUTY CLERK:  Yes, Your Honor.
 6              MS. SEIFERT:  That's fine for the government.
 7              MR. ORENBERG:  That's fine, Your Honor.
 8              MS. AMATO:  That's fine, Your Honor.
 9              THE COURT:  All right.  Twelve o'clock, June 11,
10    in this case.  And we will discuss any further scheduling as
11    necessary on that date.  Other than possibly speedy trial, do we
12    have anything else that we need to discuss and accomplish here
13    today?
14              MS. SEIFERT:  Not from the government.
15              MR. ORENBERG:  No, Your Honor.
16              THE COURT:  Do we need a speedy trial exclusion -- I
17    can't remember if we have in place something for the kidnapping
18    case that covers more broadly speedy trial exclusion.
19              MS. SEIFERT:  I think we have the other proceeding's
20    speedy trial exclusion because he was sitting in the -- you had
21    excluded time because of the other case, which I think the Court
22    can still do through sentencing.
23              THE COURT:  Well, let me make this easy.  What's the
24    defense position given the discussion we've had with respect to
25    speedy trial and the exclusion of time between now and at least
```

```
 1    our scheduled status date of June 11?
 2              MR. ORENBERG:  Your Honor, we take no position.  We'll
 3    defer to the Court's discretion on this.
 4              THE COURT:  Okay.  Not going to help me, so I need to
 5    know --
 6              THE DEPUTY CLERK:  Your Honor, we have an exclusion up
 7    to today's hearing.
 8              THE COURT:  Up until today's hearing.
 9              MS. AMATO:  Your Honor, we don't object.  We think
10    it's in the interest of justice at this time.  We're still
11    talking to the government about potential resolution.  There is
12    still some discovery we need, so at this point we don't oppose.
13              THE COURT:  All right.  At least through June.
14              MS. AMATO:  Through June.
15              THE COURT:  All right. And with that -- and thank
16    you, Ms. Amato and Mr. Orenberg -- I find based on the
17    discussion we've had and the schedule that we've been dealing
18    with, as well as the potential for discussions between counsel
19    that has to wait until the sentencing in the related matter that
20    is scheduled in mid-May, I find that the interests of justice
21    outweigh the interests of the defendant and the public in a
22    speedy trial, and the time between now and our newly scheduled
23    status date of June 11 will be excluded from speedy trial
24    computation purposes, and I so order.
25         With that, anything further from the government?
```

1        MS. SEIFERT:  No, Your Honor.
2        THE COURT:  And from the defense.
3        MR. ORENBERG:  No, thank you, Your Honor.
4        THE COURT:  All right.  Thank you all, and we will see
5   you next on -- actually, on May 15, and, then on June 11
6   thereafter.  And maybe see some of you before then.  Thank you.
7        (Proceedings adjourned at 10:25 a.m.)

\* \* \* \* \* \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

*/s/ Bryan A. Wayne*
Bryan A. Wayne